**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
   E-Mail: Shane.Singh@lewisbrisbois.com
KENDALL C. FISHER, SB# 322155
   E-Mail: Kendall.Fisher@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, Pasadena Robles
Acquisition, LLC, d/b/a Hilton Pasadena

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER STROJNIK, SR., | CASE NO. 2:19-cv-02067-AB-PJW |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| PASADENA ROBLES ACQUISITION, LLC, d/b/a HILTON PASADENA, | Judge: Hon. Andre Birotté Jr.<br>Date:  July 12, 2019<br>Time:  10:00 AM<br>Crtrm.: 7B |
| Defendant. | |

I.   <u>**INTRODUCTION**</u>

Plaintiff Peter Strojnik Sr. ("Plaintiff") lacks standing to bring the instant ADA access complaint against Defendant Pasadena Robles Acquisition, LLC ("Defendant").  Plaintiff was once one of the most notorious ADA plaintiff's attorneys in the country, and is now an ADA plaintiff himself.  Plaintiff is unable to demonstrate either a genuine intent to return or deterrence, and therefore cannot establish standing to bring this claim.  Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **II.     PROCEDURAL AND FACTUAL HISTORY**

2          Plaintiff filed the present Complaint against Defendant on March 20, 2019.

3  (Pl.'s Compl., ECF No. 1.)  Defendant was served with a copy of the summons and

4  Complaint on March 28, 2019, and has not yet filed an Answer to Plaintiff's

5  Complaint.  (Proof of Service, ECF No. 7.)  Plaintiff and Defendant jointly

6  stipulated to extend Defendant's time to respond to the Complaint to May 2, 2019.

7  (Joint Stip. Extending Time to Respond, ECF No. 9.)

8          Plaintiff lives in Maricopa County, Arizona.  (Pl.'s Compl. ¶ 3, ECF No. 1.)

9  Defendant's hotel is located at 168 S. Los Robles Avenue in Pasadena, California,

10  approximately 362 miles from Plaintiff's county of residence.  (Request for Judicial

11  Notice ("RJN") No. 1, Ex. A.)

12  **III.    LEGAL ARGUMENT**

13          An ADA plaintiff must meet basic Constitutional standing requirements,

14  regardless of whether the plaintiff is a "tester."  *Brooke v. H.P. Hospitality, LLC*,

15  2017 U.S. Dist. LEXIS 214372, at *5 (C.D. Cal. July 11, 2017.)  And to specifically

16  show standing under the ADA, a plaintiff must demonstrate that he has suffered an

17  "injury-in-fact coupled with an intent to return," or alternatively "deterrence from

18  returning to the premises."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939,

19  946 (9th Cir. 2011).  Plaintiff cannot show standing by either method, and therefore

20  this Court should dismiss his Complaint in its entirety, with prejudice.

21          Although the court is to construe the pleadings in the light most favorable to

22  the nonmovant when considering a motion to dismiss, the court is also free to

23  disregard allegations that are contradicted by documents and facts either referenced

24  in the complaint or properly subject to judicial notice.  *Sprewell v. Golden State*

25  *Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001).

26          A.     Plaintiff Cannot Show a Genuine Intent to Return to Defendant's Hotel.

27          To establish standing through injury-in-fact coupled with an intent to return, a

28  plaintiff must show both elements. *Chapman*, 631 F.3d at 947.  An injury-in-fact

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3746-0373.1                                        2                              2:19-cv-02067-AB-PJW
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1  exists if a barrier is present that impairs a disabled plaintiff's "full and equal access"

2  to a place of public accommodation.  *Id.*  Plaintiff only attempts to plead an injury-

3  in-fact by listing alleged ADA violations present in the subject business and

4  providing the conclusory allegation that he "has been personally subjected to

5  discrimination on the basis of his disability."  (Pl.'s Compl. ¶ 7, ECF No. 1.)

6  Plaintiff does not even provide a date for when he allegedly visited the hotel's

7  website.  Although Defendant finds Plaintiff's pleadings threadbare and conclusory,

8  given the standard of review Defendant does not contest that he has demonstrated an

9  injury-in-fact.

10      What Plaintiff has failed to demonstrate is a genuine intent to return to

11  Defendant's hotel.  "In the ADA context, the Ninth Circuit finds an 'injury in fact'

12  sufficient to support standing where a barrier deters a disabled person from

13  'returning' to a place of business."  *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist.

14  LEXIS 214372, at *7.  Courts look to four factors to determine if an ADA plaintiff

15  has demonstrated an intent to return sufficient to confer standing: "(1) the proximity

16  of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of

17  defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the

18  plaintiff's frequency of travel near defendant."  *See Blue Ravine*, 2012 U.S. Dist.

19  LEXIS 102056, at *8 (citing *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS

20  42170, at *5 (E.D. Cal. Mar. 27, 2012)).  Each of the factors is analyzed in turn

21  below, and the balance is clearly in Defendant's favor.

22          1.      Proximity of Defendant's Hotel to Plaintiff's Residence

23      This factor considers the geographical proximity of the subject business to the

24  plaintiff's residence as an indication of the sincerity of the plaintiff's intent to return

25  to the business.  *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8.  In *Blue*

26  *Ravine*, the Court found that a distance of "approximately fifteen miles" from the

27  plaintiff's residence to the defendant's apartment building was relatively close, but

28  weighed only "slightly in favor of the Plaintiff."  *Id.*  Defendant's hotel is more than

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  360 miles from Plaintiff's home.  However, given that Defendant's business is a

2  hotel, which is meant to lodge individuals who are far from their residence, this

3  factor comes out as neutral in the balancing test.

4    2.    Plaintiff's Past Patronage of Defendant's Hotel

5  This factor looks to the plaintiff's history of visits to the subject business.

6  Plaintiff does not allege that he has ever visited Plaintiff's hotel in the past, or even

7  the Pasadena area at all. (*See generally* Pl.'s Compl., ECF No. 1.)  Plaintiff only

8  pleads that he "intended to visit the Pasadena area," but provides nothing more than

9  this self-serving, conclusory allegation.  (Pl.'s Compl. ¶¶ 15, 29.)  If anything,

10 Plaintiff undermines his own intent to return by revealing that whatever motivation

11 he has for going to the hotel in the future is based on nothing more than a desire to

12 further his ADA litigation—in other words, for no other reason than to form the

13 basis for another ADA lawsuit.  *See Sprewell*, 266 F.3d at 988 ("[A] plaintiff

14 can…plead himself out of a claim by including unnecessary details contrary to his

15 claims."); *Soo Line R.R. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th

16 Cir. 1997) ("A plaintiff can plead himself out of court by alleging facts which show

17 that he has no claim, even though he was not required to allege those facts.").

18 Plaintiff's lack of any past patronage is even further undermined by how far away

19 Defendant's hotel is from his residence.  (RJN No. 3, Ex. C.)  In any case, Plaintiff

20 has provided no evidence of a sincere intent to visit the Pasadena area at all, let

21 alone Defendant's hotel in particular.

22 A lack of patronage before the visits giving rise to the lawsuit is a factor that

23 strongly favors the defendant business.  *Brooke v. H.P. Hospitality, LLC*, 2017 U.S.

24 Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at

25 *8-*9.  Here, it does not appear that Plaintiff has ever visited Defendant's hotel

26 before the facts giving rise to this lawsuit, let alone the entire Pasadena area.  This

27 factor strongly favors Defendant.

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.    Definitiveness of Plaintiff's Plans to Return

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at \*9-\*11.  In *Blue Ravine*, for example, Plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id.* at \*9.  The Eastern District Court found this intention insufficient, and that it provided "no definite intent to return," strongly favoring the defendant. *Id.* at \*9-\*10.  In the instant Complaint, Plaintiff has alleged an even lesser intent to go to Defendant's hotel: "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG."  (Pl.'s Compl. ¶ 12, ECF No. 1.)  Plaintiff has provided only a "'some day'" intention, "'without any description of concrete plans, or indeed even any specification of when the someday will be….'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).  Particularly when considered in light of the far distance between Plaintiff's residence and the subject business, (RJN No. 3, Ex. C.), any sincerity in his supposed plans to return is out the window.  This factor weighs heavily in Defendant's favor.

Defendant also notes that the Ninth Circuit has acknowledged that a plaintiff's extensive ADA litigation history can possibly undermine that plaintiff's credibility in alleging an intent to return, although courts must consider such evidence cautiously. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).  To the extent that this Court is willing to consider such evidence here, Defendant points to Plaintiff's relatively numerous filings—nineteen similar cases in the Central District alone within the last five months—as evidence undercutting the sincerity and credibility of any alleged intent to return to Defendant's hotel.  (RJN No. 2, Ex. B.)  This is not even including Plaintiff's well-known history as a high-volume ADA plaintiff's attorney in California and Arizona.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4.    Plaintiff's Frequency of Travel Near Defendant's Hotel

When considering this factor, a court looks to the plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business.  *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170.  If a plaintiff does not allege any facts supporting his or her frequency of travel near the defendant business, then this factor should weigh in the defendant's favor.  In *Blue Ravine*, Plaintiff Scott Johnson provided no allegations or evidence that he had "specific ties" to the defendant's property, or any other particular reason to frequent the area.  *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11.  The court therefore found this factor to "strongly favor[]" the defendant.  *Id.*

Similarly here, Plaintiff's Complaint is devoid of literally any allegation that he frequents the area surrounding Defendant's hotel, the Los Angeles area in general, or any other assertion that would cause this factor to tilt towards a finding of frequency.  Therefore, this factor weighs strongly in Defendant's favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only slightly at that.  The same balance of the factors was present in *Blue Ravine*, where the court found that the same Plaintiff was not able to establish a genuine and definite intent to return to the defendant's business.  The identical situation has repeated itself here, and Plaintiff has entirely failed to demonstrate a definite intent to return to Defendant's hotel.  He therefore fails to establish standing through injury-in-fact and intent to return.

B.    Plaintiff Cannot Show That He Has Been Genuinely Deterred From Returning to Defendant's Hotel.

A showing of deterrence is the alternative to proving both injury-in-fact and intent to return to the subject business to demonstrate standing to bring an ADA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    claim. *Chapman*, 631 F.3d at 949. To adequately plead deterrence, a plaintiff must

2    provide more than the empty allegation that he or she "was deterred;" rather, some

3    sort of corroborating facts are necessary to demonstrate to the court that the "threat

4    of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive

5    relief." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting

6    *Chapman*, 631 F.3d at 949). "[B]ecause virtually all Ninth Circuit precedent uses

7    the word 'return' when referring to the deterrent effect doctrine, plaintiffs must

8    show that they actually visited places of business some time before filing their

9    claims in order to invoke the 'deterrent effect doctrine.'" *Brooke v. H.P.*

10   *Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *9. The plaintiff must show

11   the court that there is some reason why the plaintiff visits this business in particular.

12   For example, in *Doran v. 7-Eleven, Inc.* and *Pickern v. Holiday Quality Foods Inc.*,

13   two of the leading Ninth Circuit cases on point, the plaintiffs demonstrated more

14   than an empty allegation of deterrence. In *Doran*, the plaintiff alleged that he went

15   to the defendant's convenience store every year on his annual Disneyland trip, and

16   in *Pickern*, the plaintiff alleged that the defendant's grocery store was near his

17   grandmother's residence and that he wished to shop at the store on days he visited

18   her. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v.*

19   *Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

20           In this instant Complaint, Plaintiff has simply alleged the following in support

21   of deterrence: "Plaintiff is deterred from visiting the Hotel based on Plaintiff's

22   knowledge that the Hotel is not ADA or State Law compliant as such compliance

23   relates to Plaintiff's disability." (Pl.'s Compl. ¶ 32.) A similar plaintiff has

24   previously tried to demonstrate deterrence by claiming only that alleged "ADA

25   violations deter him from returning to the [defendant's business] and that he would

26   like to return once the property altercations are complete." *Blue Ravine*, 2012 U.S.

27   Dist. LEXIS 102056, at *12. The court found that the plaintiff failed to demonstrate

28   deterrence on that basis. In another similar case, a plaintiff attempted to establish

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  deterrence by pleading that she saw photographs of alleged ADA violations at the
2  defendant's hotel, but that was not enough either. *Brooke v. H.P. Hospitality, LLC*,
3  2017 U.S. Dist. LEXIS 214372, at *9-*10.   As Plaintiff has alleged nothing more in
4  his instant Complaint, this Court should find that Plaintiff lacks standing on virtually
5  the same facts present here.

6  **IV.    CONCLUSION**

7        For the above reasons, Defendant Pasadena Robles Acquisition, LLC
8  respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety
9  under Federal Rule of Civil Procedure 12(b)(1), with prejudice.

10

11  DATED: May 1, 2019                **LEWIS BRISBOIS BISGAARD &**
12                                    **SMITH LLP**

13

14                                    By:    */s/ Kendall C. Fisher*
15                                           Shane Singh
16                                           Kendall C. Fisher
                                             Attorneys for Defendant, Pasadena Robles
17                                           Acquisition, LLC, d/b/a Hilton Pasadena

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT