**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
  E-Mail: Shane.Singh@lewisbrisbois.com
KENDALL C. FISHER, SB# 322155
  E-Mail: Kendall.Fisher@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, Pasadena Robles Acquisition, LLC, d/b/a Hilton Pasadena

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff, <br><br> vs. <br><br> PASADENA ROBLES ACQUISITION, LLC, d/b/a HILTON PASADENA, <br><br> Defendant. | CASE NO. 2:19-cv-02067-AB-PJW <br><br> **DEFENDANT PASADENA ROBLES ACQUISITION, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)** <br><br> Date: July 12, 2019 <br> Time: 10:00 AM <br> Crtrm.: 7B <br><br> The Hon. Andre Birotté Jr. <br><br> Trial Date: None Set |

## I. INTRODUCTION

Defendant Pasadena Robles Acquisition, LLC, d/b/a Hilton Pasadena ("Defendant") hereby submits this Reply in support of its Motion to Dismiss Plaintiff Peter Strojnik, Sr.'s ("Plaintiff") Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. LEGAL ANALYSIS

Plaintiff makes several arguments in his Opposition, each to no avail, as Defendant demonstrates below.

### A. Plaintiff Lacks Standing Under Ninth Circuit Precedent.

Plaintiff spends several pages of his Opposition reciting applicable Ninth Circuit case law and reproducing paragraphs of his Complaint. (Pl.'s Opp. 1-6, ECF No. 13.) Plaintiff provides nothing more than conclusory statements that he has standing to bring his claim: after these pages of case law and reproduction of his Complaint, he writes, "Deterrence is properly pled." (Pl.'s Opp. 6, ECF No. 13.)

Plaintiff frequently cites *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust* [hereinafter "*CREEC*"], 867 F.3d 1093 (9th Cir. 2017), and claims that Defendant has "ignore[d]" the case. (Pl.'s Opp. 1, ECF No. 13.) That is not so—rather than ignoring the case, Defendant is pointing out the nuances in the Ninth Circuit's opinion. A closer reading of *CREEC* than what Plaintiff has apparently engaged in reveals that the Ninth Circuit was not so cut-and-dry with its analysis. The *CREEC* opinion also provides, "[E]vidence of concrete travels plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past. Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." *CREEC*, 867 F.3d at 1100 (internal citations omitted).

Even after *CREEC*, district courts throughout California still require "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a facility in the near future." *See, e.g.*, *Brooke v. RK Inv. Props.*, 2018 U.S. Dist.

LEXIS 9120, at *6-*7 (N.D. Cal. Jan. 19, 2018); *Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *7-*8 (C.D. Cal. Sept. 13, 2017). The *RK Inv. Props.* Court interpreted *CREEC* as still requiring the classic approach to standing in ADA cases regardless of any plaintiff's tester status. *RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *6-*7. The *Rocca* order, which came from this very District, similarly interpreted *CREEC* as requiring that the plaintiff establish standing as laid out in *Lujan v. Defenders of Wildlife*. *Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *7-*8.

Plaintiff has attached to his Opposition a handwritten list of hotels in the Southern California area that he claims he has visited between March 15, 2018 and January 23, 2019. (Pl.'s Opp., Add. A.) As nothing more than a document written by Plaintiff himself, with no supporting receipts or other such supporting evidence, this is merely a self-serving document that provides nothing to Plaintiff's Opposition and does not cure his lack of standing to bring this claim.

With this more accurate context of the *CREEC* opinion, Defendant's argument stands that Plaintiff has provided no more than an empty assertion of his "some day" plans to return, which is still not enough to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") (emphasis in original). Plaintiff's Complaint must still be dismissed for lack of standing.

B. <u>A Plaintiff's Litigation History Is Properly Considered In Some Instances.</u>

As Defendant was careful to point out in its motion, a plaintiff's litigation history can be properly considered in an ADA case as evidence undercutting the plaintiff's intent to return, but that this must be done so "cautiously." (Def.'s Mot. 5, ECF No. 11.) Defendant raised Plaintiff's extensive litigation history with

deference to the Court's discretion as to whether it will even consider his voluminous filings as a factor in the sincerity of his intent to return.  (Def.'s Mot. 5, ECF No. 11.)  In opposing Defendant's mention of Plaintiff's litigation history, Plaintiff points to the very case Defendant relied on in the first instance—and Plaintiff's own chosen quotation from this case specifies that litigation history *can* be relevant to an ADA plaintiff's credibility determination: "[W]e must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation."  (Pl.'s Opp.9, ECF No. 13 (quoting *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).)   Prolific litigation history is proper to at least bring to the Court's attention.  *See D'Lil*, 538 F.3d at 1040.  Defendant again defers to the Court as to whether it chooses to consider Plaintiff's filing history here.[1]

---

[1] Defendant deems it necessary to advise the Court that Plaintiff, who is himself an attorney, was disbarred from the Arizona State Bar on May 10, 2019 based on his misconduct related to the filing "thousands of lawsuits…alleging minor violations of the Americans with Disabilities Act."  The disciplinary documents are available on the Arizona State Bar's website at https://azbar.legalserviceslink.com/attorneys-view/PeterStrojnik.  Defendant reproduces the charges in relevant part below, noting that Strojnik consented to the charges and to his disbarment:

> "Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.
>
> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. The State Bar alleged that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a) 3.1, 3.3(a), 3.4(c), 4.1(a),

(footnote continued)

**C.     *CREEC* Does Not Confer Standing By Virtue of Tester Status Alone.**

In *CREEC*, the Ninth Circuit came to the conclusion only that "a plaintiff's status as a tester does not deprive her of the right to sue for injunctive relief" under the ADA.  *CREEC*, 867 F.3d at 1102.  It did not conclude that, by virtue of attaining tester status, an ADA plaintiff automatically acquires standing to bring any case at any location without meeting the traditional standing elements.  *See id.*

*CREEC* does not provide that an ADA plaintiff has standing because he or she is known as a "tester" plaintiff.  *CREEC*, 867 F.3d at 1102.  Rather, it simply provides that tester status does not bar a plaintiff from establishing standing through the traditional *Lujan v. Defenders of Wildlife* elements.  *Id.* at 1098, 1102.  As such, Plaintiff is not relieved from his burden of establishing standing to bring this claim, which he still has failed to do.

**D.     Plaintiff's State Law Claims Are Derivative of His Improper Federal Claims and Therefore Also Fail.**

California state law permits an ADA litigant to recover monetary compensation if a violation of the ADA is established under the Unruh Civil Rights Act and the California Disabled Persons Act.  *Cal. Civ. Code* §§ 51(f), 54(c).  These damages are not available in the instant case because Plaintiff lacks standing to bring his ADA claim in the first place.  Further, monetary damages are not available to private plaintiffs under the Americans with Disabilities Act (ADA) itself.  *Boemio v. Love's Restaurant*, 954 F. Supp. 204, 207 (S.D. Cal. 1997).  California *Health & Safety Code* section 19955 itself does not even allow for monetary damages.  *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168, 182-183 (1990).  Plaintiff is therefore unable to state a claim for monetary damages in this case, even under

---

4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d), Ariz. R. Sup. Ct.  Strojnik did not contest the allegations and consented to his disbarment."

California state law. *Johnson v. Torres Enters. LP* is illustrative as another Northern District case dealing with a similar ADA plaintiff, wherein the Court dismissed his derivative state law claims after granting the defendant's motion to dismiss his ADA claims. *Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124, at *10-12 (N.D. Cal. Jan. 22, 2019).

### III. CONCLUSION

For the above reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, as Plaintiff has failed to establish standing to bring his claims.

DATED: June 26, 2019

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Kendall C. Fisher*
Shane Singh
Kendall C. Fisher
Attorneys for Defendant, Pasadena Robles Acquisition, LLC, d/b/a Hilton Pasadena