JS-6

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10   PETER STROJNIK, SR.,                  Case No. 2:19-CV-02067-AB (PJWx)

11            Plaintiff,                   ORDER **GRANTING** MOTION TO
                                           DISMISS
12   v.

13   PASADENA ROBLES
     ACQUISITION, LLC, d/b/a HILTON
14   PASADENA,

15            Defendant.

16

17        Before the Court is Defendant Pasadena Robles Acquisition, LLC, d/b/a Hilton

18   Pasadena's ("Defendant") Motion to Dismiss for lack of Subject Matter Jurisdiction.

19   ("Motion," Dkt. No. 11.) Plaintiff filed an opposition and Defendant filed a reply. The

20   Court **GRANTS** the Motion.

21   **I.      BACKGROUND**

22        Peter Strojnik ("Plaintiff") is legally disabled due to a severe right-sided neural

23   foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal

24   cancer, and a degenerative right knee. Compl. ¶ 3. Defendant owns or leases a hotel

25   located at 168 S. Los Robles Ave., Pasadena, CA 91101. *Id.* ¶ 5.

26        Plaintiff intended to visit Pasadena and reviewed hotel booking websites to find

27   lodging. *Id.* ¶ 16. Plaintiff used third party booking websites and encountered

28   Defendants' hotel. *Id.* ¶ 16. The third party booking websites did not identify and

1.

1    describe the accessibility features of Defendant's hotel. *Id.* ¶ 17. Plaintiff then looked

2    on Defendant's first party website. *Id.* ¶ 19. Plaintiff alleges that Defendant's website

3    "failed to identify and describe mobility related accessibility features and guest

4    rooms" in enough detail to allow Plaintiff to asses whether Defendant's hotel met his

5    accessibility needs. *Id.* Plaintiff then reviewed online photos of Defendant's hotel,

6    provided in Addendum A, which Plaintiff argues disclose architectural barriers to

7    accessibility that violated the ADA and deny Plaintiff equal access. *Id.* ¶¶ 22, 23.

8    Plaintiff alleges that the ADA violations depicted in the photos in Addendum A

9    "interfere with Plaintiff's full and complete enjoyment of the [h]otel" and as a result,

10   Plaintiff did not book a room at Defendant's hotel. *Id.* ¶¶ 24, 25.

11        Plaintiff asserts claims under the ADA, the Unruh Civil Rights Act, Cal. Civ.

12   Code § 51–53 ("Unruh Act"), the California Disabled Persons Act, Cal. Civ. Code §§

13   54–54.3 ("DPA"), and a negligence claim. Defendants move to dismiss all claims.

14   **II. LEGAL STANDARD**

15        "Federal courts are required sua sponte to examine jurisdictional issues such as

16   standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002);

17   *United States v. Hays*, 515 U.S. 737, 742 (1995). Where a defendant brings a facial

18   attack on the district court's subject matter jurisdiction under Fed. R. Civ. Proc.

19   ("Rule") 12(b)(1), the court "assume[s] [plaintiff's] [factual] allegations to be true and

20   draw[s] all reasonable inferences in his favor." *Wolfe v. Stankman*, 392 F.3d 358, 360

21   (9th Cir. 2004) . Here, Defendant's attack on Plaintiff's standing is facial. Thus, this

22   Court must accept all allegations as true. However, courts do not accept the

23   truthfulness on any legal conclusions contained in the complaint. *Warren v. Fox*

24   *Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e do not . . .

25   necessarily assume the truth of legal conclusions merely because they are cast in the

26   form of factual allegations.").

27   **III.    DISCUSSION**

28        Plaintiff's claims are for violation of the ADA, the Unruh Act, and the DPA,

2.

1    and for negligence. The ADA prohibits discrimination in places of public

2    accommodation. 42 U.S.C. § 12162(a). Discrimination includes "a failure to remove

3    architectural barriers . . . in existing facilities . . . where such removal is readily

4    achievable."42 U.S.C. § 12182(2)(A)(iv). Plaintiff's Unruh Act and DPA claims stem

5    from the same allegations as the ADA claim. Any violation of the ADA is also a

6    violation of the Unruh Act and the DPA. Cal. Civ. Code § 51(f); Cal Civ. Code §§

7    54(c), 54.1(d). Thus, Plaintiff argues that since Defendant violated the ADA, Plaintiff

8    is entitled to the statutory damages outlined in both the Unruh Act and the DPA.

9        Defendant moves to dismiss on the grounds that Plaintiff has no standing to

10   bring the ADA claim because Plaintiff does not show a genuine intent to return to

11   Defendant's hotel nor does Plaintiff show he is genuinely deterred from returning to

12   Defendant's hotel, and therefore he cannot show an injury-in-fact.

13            **A. Plaintiff Lacks Standing to Bring His ADA Claim.**

14        To show standing, a plaintiff "must demonstrate that he has suffered an injury-

15   in-fact, that the injury is traceable to the [defendant's] action, and that the injury can

16   be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

17   F.3d 939, 946 (9th Cir. 2011). An injury-in-fact is "an invasion of a legally protected

18   interest which is (a) concrete and particularized, and (b) 'actual or imminent' not

19   'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

20   (1992). To show standing under the ADA, a plaintiff must demonstrate that he has

21   suffered an "injury-in-fact coupled with an intent to return," or alternatively

22   "deterrence from returning to the premises." *Chapman v. Pier 1 Imports (U.S.) Inc.*,

23   631 F.3d 939, 946 (9th Cir. 2011).

24            **1. Plaintiff Has Not Pled Facts Showing a Genuine Intent to Return**

25                **to Defendant's Hotel.**

26        Regarding the first path to standing, Defendant does not challenge the injury-in-

27

28

1   fact prong[1] but does challenge whether Plaintiff has pled an intent to return.

2   　　　Courts generally turn to four factors to determine whether a plaintiff has pled an

3   intent to return: "(1) the proximity of the place of public accommodation to plaintiff's

4   residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness

5   of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near

6   defendant." *Antonio v. Vanareth Kim Yi*, 2015 WL 13603781, at \*2 (C.D. Cal. Mar. 4,

7   2015). If a plaintiff lives more than 100 miles from the public accommodation, "the

8   distance subverts a professed intent to return." *Id.* (citing *Molski v. Kahn Winery*, 405

9   F. Supp. 2d 1160, 1164 (C.D. Cal. 2005). A general intent to return to a public

10  accommodation is "insufficient to confer standing in an action for injunctive relief."

11  *Molski*, 405 F. Supp. 2d at 1168 (citing *Lujan*, 504 U.S. at 564). A plaintiff "lacks

12

13  ---

14  [1] The Court is less certain that Plaintiff has pled an injury-in-fact. The foundation of an injury-in-fact for ADA accessibility claims is that the plaintiff encountered or knows of ADA violations at the place of public accommodation. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact . . . and so he possesses standing under Article III. . .") Here, Plaintiff alleges that based on his review of third-party booking websites and the hotel's website, *he could not determine whether* Defendant's hotel was sufficiently compliant with the ADA for his needs. *See* Compl. ¶¶17-21. However, it is not clear that not being able to determine a hotel's accessibility features from a website equates to encountering or becoming aware of actual access barriers. Plaintiff's Complaint also attaches printouts of photos from the hotel's website depicting what he states are ADA violations. *See* Compl. Addendum A. But the Complaint does not spell out what each of the alleged ADA violations are, it simply attaches photos with captions in which Plaintiff states the photos depict violations—but such assertions are legal conclusions not factual allegations, so the Court disregards them. Similarly, while Plaintiff presents photos of allegedly inaccessible rooms and vending machines, for example, this does not mean that Defendant did not have other rooms and other vending machines that are accessible. Thus, while Plaintiff asserts that he was deterred from staying at Defendant's hotel because of access barriers he became aware of, the Complaint is devoid of facts alleging what these access barriers are. And, having failed to articulate in allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1. It appears that Plaintiff was deterred by inferences he made based on the limited information on the third-party and hotel websites. It is not clear that this means Plaintiff suffered an injury-in-fact under the ADA. However, because neither party briefed this, and because the Court finds that Plaintiff has otherwise not shown standing, the Court will not further address the injury-in-fact element.

4.

1   standing if he is indifferent to returning [] or if his alleged intent to return is not

2   genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to

3   him due to his particular disability." *Chapman*, 631 F.3d at 953.

4         When analyzing plaintiff's intent to return to establish an "injury in fact," the

5   Supreme Court has held that the plaintiff's "profession of an intent to return . . . [was]

6   simply not enough" for standing. *Lujan*, 504 U.S. at 564. The plaintiff's intent to

7   return was only backed by a statement that she "intended to go back" but did not offer

8   any definitive time other than some time "in the future." *Id.* The Court ruled that

9   "such 'some day' intentions—without any description of concrete plans, or indeed

10   even any specification of *when* the some day will be" do not establish an intent to

11   return as necessary for standing. *Id.*

12         Here, Plaintiff lives more than 360 miles from Defendant's hotel.[2] But, as both

13   parties point out, this factor is less significant because Defendant's hotel is meant to

14   lodge individuals far from their residence. However, Plaintiff does not allege that he

15   has visited Defendant's hotel in the past nor does Plaintiff allege that he has visited

16   the Pasadena area in general except for the single trip mentioned in the Complaint.

17   Plaintiff also does not offer a definite plan to return to Defendant's hotel. Plaintiff

18   merely states, "Plaintiff intends to visit Defendant's Hotel at a specific time when the

19   Defendant's noncompliant Hotel becomes fully compliant with ADAAG." Compl. ¶

20   12. Like in *Lujan*, this is a general intent to return without more and is simply Plaintiff

21   saying that he will "some day" return to Defendant's hotel. Such statements are not

22   enough to confer standing. In addition, the purpose of the "intent to return" road to

23   standing is to show that the plaintiff will likely be harmed because barriers "continue

24

25

26   [2] Although the Complaint does not state the distance between Plaintiff's residence and
     Defendant's hotel, it alleges that Plaintiff lives in Maricopa County, Arizona, and
27   indicates his address in Phoenix. Google Maps yields a distance of about 362 miles
     between Plaintiff's residence dand the hotel. The Court takes judicial notice of this fact
28   pursuant to Fed. R. Evid. 201(b).

1    to exist at a place of public accommodation to which he intends to return." *Chapman*,

2    631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the hotel

3    coming into compliance with the ADA, thus Plaintiff will not return unless the hotel

4    comes into compliance so he will necessarily not encounter accessibility barriers at

5    that time. Plaintiff's own intent allegation therefore forecloses standing based on the

6    intent to return option. Plaintiff's allegation about his intent to return seems more

7    aligned with the deterrence option.

8    　　　　Moreover, Plaintiff does not allege the frequency of his visits near Defendant's

9    hotel. With his opposition Plaintiff submitted a list of California hotels he claims to

10   have stayed in between March 2018 and January 2019. *See* Opp'n Addendum A. But

11   this list does not establish any concrete plans to travel to the vicinity of Defendant's

12   hotel in the future. Accordingly, the list does not help Plaintiff's case for standing.

13   　　　　Plaintiff argues that the Ninth Circuit adopted a plausibility standard for

14   proving an intent to return in *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031,

15   1037 (9th Cir. 2008). The present case is distinguishable from *D'Lil*, however,

16   because in addition to expressing her desire to stay specifically at the defendant's

17   hotel, the plaintiff in *D'Lil* provided evidence that she regularly visited the city where

18   defendant's hotel was located. *D'Lil*, 538 F.3d at 1037. As previously stated, Plaintiff

19   here does not offer any additional information regarding his intent to return other than

20   a conclusory statement that Plaintiff intends to return "at a specific time" when

21   Defendant's hotel is in compliance with ADA standards.

22   　　　　Based on the above factors, Plaintiff failed to show that he has a genuine intent

23   to return to Defendant's hotel.

24   　　　　　　**2.   Plaintiff Has Not Alleged Facts Showing He Is Deterred From**

25   　　　　　　　　**Returning to Defendant's Hotel.**

26   　　　　An individual can prove "injury-in-fact" by showing that he is deterred from

27   patronizing a public accommodation due to a defendant's failure to comply with the

28   ADA. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

6.

1    But a plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical."

2    *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must

3    allege facts to show that he "would return to the establishment if the establishment

4    were compliant with the ADA." *Id.*

5        In *Vogel*, the plaintiff merely stated that due to "physical and intangible"

6    barriers, he was "deterred" and "continue[d] to be deterred from visiting" the

7    defendant's public accommodation. Id. at *2. The court stated that the plaintiff "failed

8    to assert or point to any colorable facts to prove that his assertion of deterrence is not

9    merely hypothetical" because the plaintiff did not provide any evidence that he would

10    return to the public accommodation if it were ADA compliant. *Id.* Thus, the court

11    found that the plaintiff's claims did not show that he was deterred from returning. *Id.*

12        Here, like in *Vogel*, Plaintiff has failed to point to any facts showing that his

13    intent to return to Defendant's hotel is not merely hypothetical. Plaintiff only stated

14    that he is "deterred from visiting the Hotel" and intends to visit once it is ADA

15    compliant. Compl. ¶¶ 11-12. Plaintiff has alleged no facts to support that he would

16    return to the hotel if it were brought into compliance.

17        Plaintiff's opposition relies heavily on the Ninth Circuit's decision in *Civil*

18    *Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust* ("*CREEC*"), 867 F.3d

19    1093 (9th Cir. 2017). Plaintiff argues that the court's holding applies here because

20    despite the plaintiffs in *CREEC* never vising the hotels, the plaintiffs had standing to

21    bring ADA claims because they "attempted to access the hotels by calling, learned

22    about the barriers through their phone calls, and intended or planned to visit the hotels

23    once the barriers were removed." Dkt. No. 13 p. 3.

24        Plaintiff's argument points out an important distinction between *CREEC* and

25    the case at hand. Here, Plaintiff did not attempt to call Defendant's hotel to answer his

26    questions about accessibility. Plaintiff merely speculated, based only on available

27    pictures online, that Defendant's entire hotel was void of accessible rooms.

28    Furthermore, as Defendant pointed out in reply, the court in *CREEC* did not hold

7.

1    broadly that all types of concrete travel plans without past visits will establish

2    standing. *CREEC*, 867 F.3d at 1100 ("*For example*, evidence of concrete travel plans

3    *would* be sufficient to show that a disabled plaintiff intends to visit a facility, even if

4    [he] has not travelled there in the past.") (emphasis added). The Ninth Circuit in

5    *CREEC* states that district courts are empowered to make case-by-case determinations

6    about plaintiff's likelihood to actually visit a public accommodation based on various

7    factors brought to the court's attention. *See id.* (citing *Houston v. Marod*

8    *Supermarkets, Inc.*, 733 F.3d 1323, 1335-37 (11th Cir. 2013)).This Court accordingly

9    concludes that Plaintiff has not pled adequate facts to show deterrence.

10      Plaintiff has not plead facts that establish standing for his ADA claim by either

11    the intent-to-return or deterrence alternatives. The ADA claim is **DISMISSED**.

12    **B. The Court Declines to Exercise Supplemental Jurisdiction Over**

13          **Plaintiff's Unruh Act, DPA, and Negligence Claims.**

14      The Court declines to exercise supplemental jurisdiction over Plaintiff's state

15    law claims, so they are **DISMISSED**.

16    **IV.   CONCLUSION**

17      Defendant's Motion to Dismiss is **GRANTED**. Plaintiff asks for leave to

18    amend to add facts included in the Opposition's Addendum A and to add allegations

19    to comply with *CREEC*. But the Court has already considered Addendum A, and the

20    opposition represents that the Complaint already recites numerous facts purportedly

21    "in compliance" with *CREEC*, *see* Opp'n 4:22-6:7, and the Court finds this material

22    insufficient to establish subject matter jurisdiction. As such, Plaintiff's proposed

23    amendments would be futile, so the case is **DISMISSED** without leave to amend.

24      The August 16, 2019 Scheduling Conference is **VACATED**.

25      **IT IS SO ORDERED.**

26    Dated:  August 14, 2019      _____

27         HONORABLE ANDRÉ BIROTTE JR.
         UNITED STATES DISTRICT COURT JUDGE

28