**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER STROJNIK, Sr., | No. 19-56037 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02067-AB-PJW |
| v. | |
| PASADENA ROBLES ACQUISITION, LLC, DBA Hilton Pasadena, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Peter Strojnik, Sr. appeals pro se from the district court's judgment dismissing his action alleging violations of the Americans with Disabilities Act ("ADA") and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of standing. *D'Lil v. Best W. Encina*

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). We affirm.

The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (an ADA plaintiff may establish injury for standing purposes by showing an "inten[t] to return to a noncompliant accommodation" or that the noncompliant accommodation deterred the plaintiff from visiting and the plaintiff "plans to visit [the] noncompliant accommodation in the future"); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (district courts make "case-by-case determinations about whether a particular plaintiff's injury is imminent" (citation omitted)).

The district court did not abuse its discretion by denying Strojnik leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**